[No. 21324. Department One. February 7, 1929.]

NEAOLA TAYLOR HIGGINS et al., Appellants, v. L. A. PETERSON, as Administrator, Respondent.[1]

Wm. Martin, for appellants.
James C. McKnight, for respondent.

BEALS, J.—Plaintiffs set forth in their amended complaint three causes of action; in the first, that Mary Taylor Peterson, the mother of the plaintiff Neaola Taylor Higgins (who will hereafter be referred to as though she were the sole plaintiff), and of C. A. J. Taylor and of the defendant L. A. Peterson, died, intes-

[1]Reported in 274 Pac. 186.

tate, at Seattle, Washington, on or about March 19, 1898, leaving the three children above named as her sole heirs-at-law, and leaving property in King county. That no administration was ever had upon the estate of Mary Taylor Peterson. That plaintiff and her mother, on or about August 1, 1893, had entered into an oral partnership for the purpose of conducting an oyster house at 202 Yesler Way, Seattle, and that this business was conducted by plaintiff, and in her own name, up to the time of her marriage in 1904; that the business was profitable and that no settlement was ever had between plaintiff and her mother; that one Lars Peterson, defendant's intestate, with whom Mary Taylor Peterson was living, she passing as his wife, falsely represented to plaintiff that he was her step-father and that plaintiff believed that he occupied that relationship to her and relied upon him, and that by reason of the situation, as plaintiff believed it to be, plaintiff permitted Lars Peterson to receive a considerable portion of the profits of the restaurant business, and that he invested the same, from time to time, with the understanding that the proceeds were to be the property of plaintiff and plaintiff's mother, and that Lars Peterson promised plaintiff to make his will in which should be recognized, by devise to her, plaintiff's interest in this property. That Lars Peterson acquired a large amount of valuable property under this agreement and did, during the month of October, 1908, execute a will devising to plaintiff a considerable interest in his estate. That plaintiff relied upon Mr. Peterson's promises to protect her interest in the property, and therefore permitted him to continue to handle and control the same. That Lars Peterson died at Seattle September 20, 1924, and that defendant was appointed special administrator of his estate, took possession of Lars Peterson's will, de-

stroyed the same and refused to recognize plaintiff's interest in the estate, a half interest in which, of the value of $176,000, belongs to plaintiff.

In her second cause of action plaintiff alleged that her interest in the property of the estate of Lars Peterson, as one of the heirs of her mother, Mary Taylor Peterson, was the sum of $58,666.66, for which amount plaintiff had filed a claim against the estate, which claim defendant rejected.

In her third cause of action plaintiff alleged the execution by Lars Peterson of a will devising to plaintiff one-half of his property and the destruction of this will by defendant to plaintiff's damage, in the sum of $176,000.

To this complaint defendant answered with denials and affirmative defenses. The trial resulted in the denial of any relief to plaintiff and the dismissal of the action, from which order of dismissal plaintiff has appealed.

It is not disputed that appellant's parents, Charles W. and Mary, Taylor, were married in Sacramento, California, prior to 1875. Charles W. Taylor died in Walla Walla in the fall of 1909, and Mary Taylor (or Mary Peterson) died at Seattle, in March, 1898. It does not appear that this couple were ever divorced. Appellant was born in October, 1875, and her brother C. A. J. Taylor in October, 1880. Respondent, L. A. Peterson, was born at Baker City, Oregon, September 6, 1884, and, it is admitted, was the son of Mary Taylor who, it seems, was about this time living with Lars Peterson, now deceased, as his wife, being known as Mary Peterson.

Respondent was always known as the son of Lars Peterson and Mary Peterson, and it was evidently, at least until recent years, believed by everyone that they were his parents. Reference to the opinion in the

case of *In re Peterson's Estate,* 137 Wash. 137, 241 Pac. 964, will disclose the fact that it was, at the time of the hearing in that proceeding, assumed by all persons concerned that respondent was the son of Mary Taylor Peterson by her second husband, Lars Peterson. As far as disclosed by the record, the first intimation by anyone that such was not the case is contained in a letter written by appellant to respondent under date of February 17, 1925, in which appellant says, referring to the estate of Lars Peterson, deceased:

"You claim sole heir. I suppose you believe that to be true but mother my father were never divorced so you are my full brother by law just the same as Asa and have no more right to Pete estate than Asa or I of this fact I have full proof."

Appellant's meaning is not clear, but it is elsewhere in the record intimated that respondent was actually the son of Mary Taylor by her first husband. At all times prior to the filing of her amended complaint in this action, appellant took the position that Lars Peterson and her mother were husband and wife. In her complaint in this case, appellant states that her mother left surviving her three children and "Lars Peterson, husband." Appellant, in her amended complaint herein, for the first time alleged that Lars Peterson and her mother were not husband and wife.

The record in this case is extremely voluminous and the testimony confused and conflicting. It appears that appellant had much to do with the conduct of the restaurant business up to her marriage in 1904, after which she had nothing to do with it, and it was conducted by Lars Peterson until the business was closed in 1911.

Shortly after the death of Lars Peterson, appellant applied to the superior court for King county for the

appointment of an administrator of the estate of Mary Taylor Peterson. Upon the denial of her petition and the entry of an order dismissing the same, appellant appealed to this court, the order of the lower court being affirmed. *In re Peterson's Estate,* 137 Wash. 137, 241 Pac. 964. After the affirmance of the judgment of the lower court in the probate proceeding, appellant filed her claims with the administrator of the estate of Lars Peterson, and upon their rejection instituted this action.

It is evident that the financial affairs of Lars Peterson and Mary Taylor Peterson were greatly confused; which confusion extends also to their domestic relations, as whether or not they ever went through the form of a marriage ceremony or considered themselves as husband and wife, or were competent to enter into that relation, is uncertain. It does appear, however, that appellant, after her marriage in 1904, no longer worked in the restaurant or was concerned in its management. The business of the restaurant closed in 1911, when the building in which it was located was torn down. Mr. Lars Peterson was, however, by that time possessed of a large fortune, which appellant contends, probably correctly, represented investments made out of the profits of the restaurant business.

It appeared that Mr. Peterson had made a will in 1908, which will was not found at his death, and appellant offered to prove that he executed another will during the summer of 1924. No such will as this was forthcoming after Mr. Peterson's decease, but the court found from the evidence that respondent did not destroy any will of the deceased Lars Peterson. Appellant contends that the trial court erred in refusing to allow appellant to prove that Lars Peterson executed a will during the summer of 1924. This is not a proceeding to establish a lost will or to admit a will to

probate, but appellant's third cause of action is based upon an alleged destruction by respondent of a will in which appellant was named as one of the beneficiaries. Appellant's offer of proof, of the rejection of which she complains, was limited to the alleged fact of the execution of a will by Lars Peterson.

The trial court expressly offered appellant an opportunity to offer further proof along this line by way of an offer to prove the contents of the will which appellant claimed was executed in 1924, but we are unable to find from the record that appellant ever availed herself of this privilege, or made any offer which went further than to prove the mere fact that a will was executed. The fact that Mr. Peterson executed a will, if in fact he did so, was immaterial, and it is our opinion that the court properly rejected appellant's offer of proof as made.

Much argument was addressed to the court below as to the exact nature of the trust sought to be established by appellant. A discussion of the extremely voluminous testimony relied upon by appellant to establish a trust in her favor, with a view to determining the exact nature of the trust alleged by appellant to exist, is unnecessary, as we are of the opinion that the testimony offered by appellant was wholly insufficient to establish any trust of any sort or description. Appellant has, in the prior proceeding and in this action, advanced many theories, some of them inconsistent, which she thought would result to her advantage. Giving the testimony introduced in her behalf the interpretation most favorable to her, it is insufficient to justify the granting to her of the relief which she asks, or any relief.

The trial court found that respondent did not destroy any will of the deceased Lars Peterson, which was the only finding the court could have entered from

the evidence introduced. Appellant was accorded a full opportunity to present all the testimony favorable to her contentions, and we conclude that the trial court was correct in dismissing her action.

The judgment of dismissal is affirmed.

MITCHELL, C. J., TOLMAN, and FULLERTON, JJ., concur.